THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GAMBA GROUP HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendant(s). | Civil Action No. 2:25-cv-00438<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gamba Group Holdings LLC files this Complaint for Patent Infringement and Damages against defendants Samsung Electronics Co., Ltd. ("SEC"), and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung" or "Defendants") and would respectfully show the Court as follows:

## PARTIES

1. Plaintiff Gamba Group Holdings LLC ("Gamba" or "Plaintiff") is a Nevada Limited Liability Company with entity number E35192862023-3. Gamba is the owner of the patents asserted in this action.

2. On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized under the laws of the state of New York. On information and belief, SEA has a flagship location at 6625 Excellence Way, Plano, TX 75023, and is a wholly-owned subsidiary of Defendant Samsung Electronics Co., Ltd. ("SEC"), which is headquartered in Suwon, South Korea.

3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129 Samsung-Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

4. On information and belief, Samsung directly and/or indirectly develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services as set forth in this complaint. This includes but is not limited to Defendants' Galaxy line of smartphones, tablets, smartwatches, and earbuds and Defendants' SmartTags products, and related products and services such as the "SmartThings Find" application and services.

## JURISDICTION AND VENUE

5. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

6. This Court has federal subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. Gamba's causes of action arise, at least in part, from Defendants' contacts with and activities in this District and the State of Texas.

8. Personal jurisdiction exists generally over the Defendants because they have sufficient minimum contacts and/or have engaged in continuous and systematic activities in this forum as a result of business conducted within Texas, including in the Eastern District of Texas. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.* and principles of due process. Personal jurisdiction also exists over Defendants

because, on information and belief they, directly or through subsidiaries, make, use, sell, offer for sale, import, advertise, make available, and/or market products and/or services within Texas, including in the Eastern District of Texas, that infringe one or more claims of United States Patent Nos. 9,961,507; 9,674,684; and 9,772,193 (herein referred to as the "Patents-in-Suit" or the "Gamba Patents"). Further, on information and belief, Defendants have placed or contributed to placing infringing products and/or services into the stream of commerce knowing or understanding that such products and/or services would be sold and used in the United States, in Texas, and within this District.

9. Defendants' business includes Defendants' operation of the Internet websites, "SmartThings Find", (https://smartthingsfind.samsung.com/login) and "Samsung Find" (https://samsungfind.samsung.com/login) and the provision of related apps and services, which are available to and accessible by users, customers, and potential customers of the Defendants within this District, and the Defendants' sale of, among other things, smartphones, tablets, watches, earbuds and SmartTags within this District, both online, (*see, e.g.*, https://www.samsung.com/us/mobile/mobile-accessories/phones/galaxy-smarttag2-black-ei-t5600bbegus/ and https://www.samsung.com/us/smartphones/), through other online stores, and through varied brick-and-mortar locations within the District (e.g., Verizon stores, T-Mobile stores, etc.). Moreover, Defendants advertise to District residents to hire employees located in the District. As of the time of this Complaint, Defendants have at least 25 job openings in Plano, TX. *See, e.g.*, https://sec.wd3.myworkdayjobs.com/Samsung_Careers?locations=31fc7bab264601f2a48f9e5ec5243c60 (last accessed April 21, 2025). To that end, and on information and belief, Defendants

regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District.

10. Further, upon information and belief, Defendant has induced acts of infringement, and/or advertises, markets, sells, and/or offers to sell products, including infringing products, in this District.

11. All allegations and support thereof regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant SEA makes, uses, sells, offers to sell, and/or imports products and/or services that are accused of infringing the Patents-in-Suit into and/or within this District and has a regular and established place of business within this District. Defendant SEC is a foreign company with no place of business in the United States. Defendants have solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendants' infringement of the Patents-in-Suit.

13. Defendant SEA maintains multiple places of business within this District. For example, Defendant SEA maintains its "Flagship North Texas Campus" in this District, which it opened in 2019 with a "216,000 square foot building" and "more than 1,000 regional employees." https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/ (last visited April 21, 2025). This facility is located at 6625 Excellence Way, Plano, Texas 75023: https://www.google.com/maps/



(6625 Excellence Way, Plano, Texas) (last visited April 21, 2025). Since opening SEA's Flagship Plano Campus in 2019, Samsung has further expanded its Plano footprint multiple times, including, for example, with the addition of locations at 6625 Declaration Way, Plano, Texas 75023, and at 6105 Tennyson Parkway, Plano, Texas 75023. *See, e.g*, https://www.dallasnews.com/business/retail/2023/01/06/samsung-growing-in-north-texas-with-offices-in-plano-and-coppell-warehouse/ (last visited April 21, 2025) ("In 2020, Samsung expanded the Plano office by another 75,000 square feet, according to planning.")

14.     Further, for example, Samsung also maintains a "Samsung Experience Store" within the Eastern District of Texas, located at 2601 Preston Rd. #1214, Frisco, Texas 75034:

![Samsung Experience Store - Frisco, TX - Stonebriar Centre, 2601 Preston Road, Frisco, TX 75034]

https://www.samsung.com/us/samsung-experience-store/locations/ (last visited April 21, 2025). At this facility, Samsung invites its customers "to shop our Galaxy of products, learn directly from experts and get Samsung-certified service and repairs." https://www.samsung.com/us/samsungexperience-store/ (last visited April 21, 2025).

15. Defendants have solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendants' infringement of the Patents-in-Suit.

6

16. Defendants are properly joined under 35 U.S.C. § 299(a) because, on information and belief, Defendants commonly and/or jointly make, use, sell, offer to sell, test, design, distribute, and/or import the Accused Products such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, selling, offering to sell, and/or importing into the United States of the same Accused Products, and such that questions of fact common to all Defendants will arise in this action.

17. Plaintiff has fulfilled its obligations, if any, under 35 U.S.C. § 287.

## THE PATENTS-IN-SUIT

18. On May 1, 2018, United States Patent No. 9,961,507 ("the '507 patent"), entitled "Beacon Deployment Enabling Location Based Services (LBS) in an Urban or City Environment" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Ehud Mendelson. A true and correct copy of the '507 patent is attached hereto as **Exhibit A.**

19. On June 6, 2017, United States Patent No. 9,674,684 ("the '684 patent"), entitled "Beacon Deployment for Use with Location Based Services (LBS)," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Ehud Mendelson. A true and correct copy of the '684 patent is attached hereto as **Exhibit B**.

20. On September 26, 2017, United States Patent No. 9,772,193 ("the '193 patent"), entitled "Vehicle Beacon and Method of Use," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Ehud Mendelson. A true and correct copy of the '193 patent is attached hereto as **Exhibit C**.

21. Each of the Patents-in-Suit – the '507, '684, and '193 patents – claims patent-eligible subject matter and is presumed valid and enforceable under 35 U.S.C. § 282.

22. Gamba is the exclusive owner by assignment of all rights, title, and interest in each of the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patents-in-Suit.

23. Defendants do not have a license to any of the Patents-in-Suit, either expressly or implicitly, nor do Defendants enjoy or benefit from any rights in or to any of the Patents-in-Suit whatsoever.

24. Representative claim charts showing a sample of infringement of one claim of each of the Patents-in-Suit by the Accused Products are appended to this Complaint as **Exhibits D-F.**

## ACCUSED PRODUCTS

25. Samsung makes, uses, sells, offers to sell, tests, designs, distributes, and/or imports into the United States devices and services that implement and/or facilitate location-based services and location tracking, including both software and hardware components, such as, and without limitation, Samsung smartphones (e.g., the Samsung Galaxy series such as the Galaxy S25), Samsung tablets, Samsung smartwatches, Samsung earbuds, and Samsung SmartTags, and Samsung applications, features, servers and services that facilitate location-based services (such as "SmartThings Find" and "Samsung Find" and its "offline finding" feature). Among other things, Samsung's products and services allow for the location and recovery of devices and other items by the users of Samsung's products.



https://www.samsung.com/levant/apps/smartthings-find/ (last accessed April 21, 2025).

https://www.samsung.com/us/support/answer/ANS00088182/ (last accessed April 21, 2025).



https://samsungfind.samsung.com/login (last accessed April 21, 2025).

26. Hereafter, the term "Accused Products" refers to all products (including but not limited to software, hardware, applications, and services) manufactured, used, tested, imported, sold or offered for sale by or on behalf of Defendants practicing the Patents-in-Suit and all

10

processes employed by Defendants that practice the Patents-in-Suit, comprising, without limitation, at least: all Samsung smartphones, tablets, smartwatches, earbuds, SmartTags and other devices implementing or supporting location services (such as the location of a phone, a SmartTag, or of a car in which a phone has been traveling, e.g., through the "Samsung Find" or "SmartThings Find" applications), and the associated location services and applications (e.g., "Samsung Find" or "SmartThings Find") and the software and hardware infrastructure in support of such services.

27. Defendants have knowingly and willfully infringed the Patents-in-Suit and have actively aided, abetted, and induced others to directly infringe the Patents-in-Suit (such as its customers in this District and throughout the United States).

## COUNT I
## INFRINGEMENT OF THE '507 PATENT

28. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

29. Samsung, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '507 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Samsung's Accused Products.

30. Samsung also indirectly infringed the '507 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

31. Samsung knowingly, intentionally, and actively aided, abetted, and induced others to directly infringe at least one claim of the '507 patent (such as Samsung's customers in this District and throughout the United States).

32. Samsung conditioned the receipt of a benefit or participation in an activity upon the performance of one or more methods patented in the '507 patent, and is thus liable as a direct infringer.

33. Samsung contributorily infringed and is a contributory infringer because, with knowledge of the '507 patent, Samsung supplied a material part of a claimed combination, where the material part was not a staple article of commerce and was incapable of substantial non-infringing use.

34. Samsung contributed to its customers' infringement because, with knowledge of the '507 patent, Samsung supplied the technology that allowed its customers to infringe the '507 patent.

35. Samsung had knowledge that its activities concerning the Accused Products infringed one or more claims of the '507 patent.

36. Samsung's customers, such as consumers or end users, infringed claims of the '507 patent by using the Accused Products in a manner prescribed by Samsung, and as such, Samsung's customers are direct infringers.

37. Further, Samsung provided information and technical support to Samsung customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Samsung's Accused Products (which are acts of direct infringement of the '507 patent).

38. Alternatively, Samsung knew that there was a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constituted direct infringement of the '507 patent but took deliberate actions to avoid learning of these facts.

39. On information and belief, Samsung knew that its activities concerning the Accused Products infringed one or more claims of the '507 patent.

40. On information and belief, Samsung's Accused Products were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

41. Samsung caused Gamba irreparable injury and damage by infringing one or more claims of the '507 patent.

42. Samsung's infringement of the '507 patent was willful and merits increased damages.

43. A representative claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claim 57 of the '507 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Samsung's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT II
## INFRINGEMENT OF THE '684 PATENT

44. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

45. Samsung, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '684 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Samsung's Accused Products.

46. Samsung also indirectly infringed the '684 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

47. Samsung knowingly, intentionally, and actively aided, abetted, and induced others to directly infringe at least one claim of the '684 patent (such as Samsung's customers in this District and throughout the United States).

48. Samsung conditioned the receipt of a benefit or participation in an activity upon the performance of one or more methods patented in the '684 patent, and is thus liable as a direct infringer.

49. Samsung contributorily infringed and is a contributory infringer because, with knowledge of the '684 patent, Samsung supplied a material part of a claimed combination, where the material part was not a staple article of commerce and was incapable of substantial non-infringing use.

50. Samsung contributed to its customers' infringement because, with knowledge of the '684 patent, Samsung supplied the technology that allowed its customers to infringe the '684 patent.

51. Samsung had knowledge that its activities concerning the Accused Products infringed one or more claims of the '684 patent.

52. Samsung's customers, such as consumers or end users, infringed claims of the '684 patent by using the Accused Products in a manner prescribed by Samsung, and as such, Samsung's customers are direct infringers.

53. Further, Samsung provided information and technical support to Samsung customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Samsung's Accused Products (which are acts of direct infringement of the '684 patent).

54. Alternatively, Samsung knew that there was a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constituted direct infringement of the '684 patent but took deliberate actions to avoid learning of these facts.

55. On information and belief, Samsung knew that its activities concerning the Accused Products infringed one or more claims of the '684 patent.

56. On information and belief, Samsung's Accused Products were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

57. Samsung caused Gamba irreparable injury and damage by infringing one or more claims of the '684 patent.

58. Samsung's infringement of the '684 patent was willful and merits increased damages.

59. A representative claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim 52 of the '684 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Samsung's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## COUNT III
## INFRINGEMENT OF THE '193 PATENT

60. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

61. Samsung, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '193 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Samsung's Accused Products.

62. Samsung also indirectly infringed the '193 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

63.     Samsung knowingly, intentionally, and actively aided, abetted, and induced others to directly infringe at least one claim of the '193 patent (such as its customers in this District and throughout the United States).

64.     Samsung conditioned the receipt of a benefit or participation in an activity upon the performance of one or more methods patented in the '193 patent, and is thus liable as a direct infringer.

65.     Samsung contributorily infringed and is a contributory infringer because, with knowledge of the '193 patent, Samsung supplied a material part of a claimed combination, where the material part was not a staple article of commerce and was incapable of substantial non-infringing use.

66.     Samsung contributed to its customers' infringement because, with knowledge of the '193 patent, Samsung supplied the technology that allowed its customers to infringe the '193 patent.

67.     Samsung had knowledge that its activities concerning the Accused Products infringed one or more claims of the '193 patent.

68.     Samsung's customers, such as consumers or end users, infringed claims of the '193 patent by using the Accused Products in a manner prescribed by Samsung, and as such, Samsung's customers are direct infringers.

69.     Further, Samsung provided information and technical support to Samsung customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Samsung's Accused Products (which are acts of direct infringement of the '193 patent).

70. Alternatively, Samsung knew that there was a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constituted direct infringement of the '193 patent but took deliberate actions to avoid learning of these facts.

71. On information and belief, Samsung knew that its activities concerning the Accused Products infringed one or more claims of the '193 patent.

72. On information and belief, Samsung's Accused Products were available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

73. Samsung caused Gamba irreparable injury and damage by infringing one or more claims of the '193 patent.

74. Samsung's infringement of the '193 patent was willful and merits increased damages.

75. A representative claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim 12 of the '193 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Samsung's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gamba respectfully requests the following relief:

A. A judgment that Defendants have directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Gamba Patents set forth in this Complaint;

B. A judgment that Defendants have actively induced infringement and continue to induce infringement of the Gamba Patents set forth in this Complaint;

C. A judgment that Defendants have contributorily infringed and continue to contributorily infringe the Gamba Patents set forth in this Complaint;

D. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including without limitation both convoyed and derivative sales, as well as supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that Defendants' infringement of each of the Gamba Patents is willful;

F. A judgment that Defendants' infringement of enhanced damages pursuant to 35 U.S.C. § 284;

G. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

H. An accounting for acts of infringement and supplemental damages for infringement and/or damages not presented at trial, including, without limitation, pre-judgment and post-judgment interest on the damages awarded;

I. A judgment and order awarding a compulsory ongoing royalty;

J. A judgment and order awarding Plaintiff costs associated with bringing this action;

K. A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendants, its officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert, or participation with them from directly or indirectly infringing the Gamba Patents;

L. All equitable relief the Court deems just and proper; and

M. Such other relief which may be requested and to which the Plaintiffs are entitled.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 25, 2025

Respectfully submitted,

*/s/ Erick S. Robinson*
Erick S. Robinson
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
**BROWN RUDNICK LLP**
811 Main Street, 18th Fl.
Houston, TX 77002
Tel: (281) 815-0511
Fax: (281) 605-5699
erobinson@brownrudnick.com
pdunn@brownrudnick.com

Harold S. Laidlaw
New York Bar No. 5344296
**BROWN RUDNICK LLP**
Times Square Tower, 47th Fl.
7 Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
hlaidlaw@brownrudnick.com

Michael C. Smith
Texas Bar No. 18650410
**SCHEEF & STONE LLP**
113 East Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

*Attorneys for Plaintiff*
*Gamba Group Holdings LLC*