**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GAMBA GROUP HOLDINGS LLC,<br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:25-CV-00438-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff Gamba Group Holdings LLC's ("Gamba") First Amended Complaint (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"). (Dkt. No. 38.) Having considered the Motion and all related briefing, the Court finds that it should be and hereby is **GRANTED AS MODIFIED**.

## I. BACKGROUND

Gamba filed the above-captioned case against Samsung on April 25, 2025, asserting infringement of U.S. Patent Nos. 9,961,507 ("the '507 patent"), 9,674,684 ("the '684 patent"), and 9,772,193 ("the '193 patent"). (Dkt. No. 1.) Samsung moved to dismiss Gamba's initial complaint on August 19, 2025. (Dkt. No. 25.) Since then, Gamba filed its First Amended Complaint (the "FAC") on October 2, 2025. (Dkt. No. 32.) The FAC does not assert any additional patents. (*Id*. at 7.) The FAC remains operative in the above-captioned case and is the subject of Samsung's Motion. (Dkt. No. 38.) Samsung filed the instant Motion on October 30, 2025. (*Id.*)

## II. LEGAL AUTHORITY

### A. 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663 (citing *Twombly*, 550 U.S. at 570). This plausibility requirement does not require that a plaintiff prove its case at the pleading stage, but it "'calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.'" *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.*

### B. Direct Infringement

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or

attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). The latter circumstance is often referred to as divided infringement. *See id*.

An entity is responsible for others' performance of method steps and thus may be liable under a divided infringement theory, in two circumstances: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id*. A strict principle-agent relationship, contractual relationship, or joint enterprise, however, is not required. *Id*. at 1023. Instead, the touchstone of divided infringement is "whether all method steps can be attributed to a single entity." *Id*.

To determine whether an entity directs or controls others' performance, courts look to general principles of vicarious liability. *Id*. An actor may be liable for infringement if they act through an agent or contract with another to perform one or more steps of a claimed method. *Id*. Similarly, an actor may be liable when they "condition[ ] participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establish[ ] the manner or timing of that performance." *Id*. "Mere guidance or instruction is insufficient," however, to establish the Akamai "conditioned benefit" test. *Eli Lilly & Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1367 (Fed. Cir. 2017); *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1379 (Fed. Cir. 2017).

## III. ANALYSIS

Samsung asserts that "Gamba has not pleaded a claim for direct infringement against Samsung regarding any of the Patents-in-Suit." (Dkt. No. 38 at 11.) Samsung therefore requests the Court dismiss Gamba's FAC with prejudice. (*Id*. at 25.) Each of Samsung's arguments regarding the FAC are addressed below.

**A. Gamba Fails to Adequately Plead Direct Infringement of the ’507 and ’684 Patents**

Samsung argues that Gamba fails to state a claim for direct infringement for all the asserted claims of the ’507 and ’684 patents because Gamba does not allege that “any single entity performs all the method steps of the asserted independent claims” or that “a single entity controls all steps of the asserted claims.” (Dkt. No. 38 at 1.) Samsung repeatedly asserts that “Gamba does not identify who is performing the step [of the claimed method].” (*Id*. at 5, 7.) Samsung further contends that “neither Gamba’s Complaint nor its Claim Chart explain how Samsung controls or directs the performance of any of the user’s or third-party devices or SmartThings Find, or how Samsung controls or directs the user’s or third party’s actions in utilizing the multiple SmartTags, the user’s devices, the Helper Devices, or the application to allegedly carry out all of the steps of the asserted claims of the ’507 Patent.” (*Id*. at 5.)

Gamba agrees in its response that Samsung correctly characterizes its allegations as accusing Samsung’s users of performing the “deploying” step of the ’507 and ’684 patents, the “activating” step of the ’507 patent, and the “initiating” step of the ’684 patent. (Dkt. No. 49 at 8–9.) Gamba further states that “[t]he subsequent steps of encoding, broadcasting, scanning, detecting, and decoding are all performed by Defendants, as is clear in the claim charts accompanying the FAC.” (*Id*. at 8.) Citing to its claim charts, Gamba alleges that Samsung conditions the benefit of SmartTags—“locating and recovering the devices and other Samsung products”—on the condition of “allow[ing] Tag to access your device’s location information.” (Dkt. No. 49 at 5–6.) Gamba further argues that Samsung “exercise[s] control over the infringing acts committed by Samsung consumers” because “Samsung controls the backend system that processes and completes the request, writes the SmartThings Find application that executes on (and thus controls the operation of) the claimed mobile devices, manufactures Samsung’s

SmartTags which likewise run code authored by Samsung, and the system only works at the time and manner provided by Defendants." (*Id*. at 6.)

The Court finds that neither the FAC nor claim charts adequately allege who is performing each step of the claimed method. Gamba's claim charts consist of screenshots with minimal explanation. (Dkt. Nos. 32–4, 32–5.) This Court has clearly established that screenshots alone cannot establish a plausible allegation of patent infringement; a plaintiff "must further allege how the screenshots meet the text of the exemplary claim" to survive a motion to dismiss. *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018).

While the FAC alleges that "Samsung's customers are direct infringers," (Dkt. No. 32 ¶¶36, 52,) Gamba's claim charts do not factually allege that Samsung's customers perform each step of the claimed method. (*See generally* Dkt. Nos. 32–4, 32–5.) Gamba appears to allege, for example, that "Helper Devices" perform a portion of the claimed method. (Dkt. Nos. 32–4, 32–5). In its opposition brief, Gamba clarifies that "Helper Devices" are Samsung Galaxy phones and tablets "that operate under the control of Samsung-authored code and report offline-finding data to Samsung's server which is then downloadable by the user device." (Dkt. No. 49 at 8.) Neither the FAC nor the claim charts include these factual allegations that Samsung controls "Helper Devices." Particularly problematic is the failure to clearly define, and put Samsung on notice, as to Gamba's allegations that "all steps of [the] claimed method are performed by or attributable" to Samsung. *Akamai Techs.*, 797 F.3d at 1020.

For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs.*, 797 F.3d at 1022. Gamba argues that all steps performed by the allegedly infringing process are attributable to

Samsung. (Dkt. No. 49 at 4.) Therefore, to meet the pleading standard for divided infringement by the combined acts of multiple actors, the complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2017). Under the standard set forth in *Akamai Techs.*, direction and control can be shown if the alleged infringer "conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and established the manner or timing of that performance." 797 F.3d at 1023.

The Court finds that the FAC does not plausibly allege divided infringement of the '507 and '684 patents. The FAC alleges that Samsung's customers are direct infringers, (Dkt. No. 32 ¶¶36, 52,) but fails to allege that Samsung has the requisite "direction or control" over its customers' performance. (Dkt. No. 32 ¶¶ 28–43; ¶¶44–59). Gamba attempts to remedy this in its opposition brief by arguing that there is a conditioned benefit of the Accused Products and points to the '507 and '684 claim charts as support. (Dkt. No. 49 at 5–10.) These factual allegations do not appear in the FAC or claim charts. Accordingly, the Court finds that Gamba has failed to plead sufficient facts to state a claim for direct infringement of the '507 and '684 patents.

**B. Gamba Fails to Adequately Plead Direct Infringement of the '193 Patent**

The FAC alleges, and Gamba's opposition brief reiterates, that "Samsung's customers are direct infringers." (Dkt. No. 49 at 11 (quoting Dkt. No. 32 ¶64).)

Samsung argues that Gamba's theory of infringement for the '193 patent relies on four non-Samsung actors: a vehicle, a mobile device, Android Auto or Google Maps, and a mobile device user. (Dkt. No. 38 at 9.) Samsung further contends that "neither Gamba's Amended

Complaint nor its Claim Chart explain how Samsung otherwise controls or directs the performance of the mobile device, Android Auto and Google Maps, and the mobile device user's actions in allegedly utilizing those applications." (*Id.*)

Gamba responds that Samsung conditions access to the befit of their products because "[a] user must connect their vehicle's Bluetooth system with Android Auto to register and save their parking location to allow them to navigate their way back to their car after an outing." (Dkt. No. 49 at 11.) Gamba also contends that Samsung "exercise[s] control over the infringing acts committed by the Samsung consumers" because "[w]ithout the pre-installation [of Google Maps on Samsung mobile devices], Samsung customers would not be capable of participating in the infringement acts." (*Id*. at 11–12.) Gamba argues that "the system only works at the time and manner provided by Defendants" because "[u]sers can navigate to a location only by triggering and following the workflow that the Defendant embedded into the Android Auto app." (*Id*. at 12.)

The Court finds that similar issues plague Gamba's pleadings of the '193 patent as the '507 and '684 patents. Again, the FAC and claim chart rely primarily on screenshots with minimal explanation as to who performs each step and how the performance is allegedly attributed to Samsung. (*See* Dkt. No. 32–6.) Gamba provides factual allegations in its opposition briefing that Samsung conditions access to the benefit of its products on consumers' participation in infringement, but these statements are absent from the FAC. Accordingly, the Court finds that Gamba has failed to plead sufficient facts to state a claim for direct infringement of the '193 patent.

**C. Gamba Fails to Adequately Plead Indirect Infringement of the Asserted Patents**

Section 271(b) of the Patent Act provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Induced infringement under § 271(b) requires knowledge of the existence of the patent that is infringed. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 – 28 (2015) (liability under Section 271(b) "can only attach if the

defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).

Contributory infringement requires a showing that the accused infringer "offers to sell or sells . . . a component of a patented [invention], . . . knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Contributory infringement further requires the same "knowledge of the patent in suit and knowledge of patent infringement" as for induced infringement. *Commil USA, LLC*, 135 S. Ct. at 1926 (citation omitted).

Samsung argues that "Gamba's pre-suit induced infringement claims fail because Gamba does not plausibly allege the required pre-suit knowledge—both of the Patents-in-Suit and that the alleged acts of inducement infringed those patents." (Dkt. No. 38 at 20.) Gamba responds by parroting conclusionary statements from the FAC. (Dkt. No. 49 at 14, 18–19.) Gamba further recites statements from screenshots included in its claim charts. (*Id.* at 14–15.)

The Court finds that Gamba has failed to plead any facts plausibly alleging that Samsung knew of the Asserted Patents prior to the lawsuit. Although Gamba references recently discovered evidence in additional sur-sur-reply briefing it filed that may support its allegations, this evidence is not part of the FAC. (*See* Dkt. Nos. 55 and 59.) Gamba cannot rely on arguments or evidence outside of its pleadings to establish that it has stated a claim upon which relief can be granted.

Moreover, where a plaintiff has not adequately pled an underlying act of direct infringement, the court must dismiss theories of indirect infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 & n.3 (2014) (explaining that "inducement liability may arise if, but only if, there is direct infringement," and declining to distinguish contributory

infringement and inducement "for these purposes" because they "spring from common stock" (cleaned up)). "It is axiomatic that there can be no inducement or contributory infringement without an underlying act of direct infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (citation and internal quotation marks omitted). Since the Court found that Gamba has failed to sufficiently plead direct infringement of the '507, '684, and '193 patents, Gamba's indirect infringement claims also fail on this basis. Accordingly, the Court finds that Gamba has failed to sufficiently plead indirect infringement of the '507, '684, and '193 patents.

**D. Dismissal With Versus Without Prejudice**

Gamba may only amend its FAC with the Court's leave. Fed. R. Civ. P. 15(a)(2). As Rule 15 instructs, "the court should freely give leave when justice so requires." *Id*. A district court must possess a "substantial reason" to deny a request for leave to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Fifth Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Id*.

Samsung addresses only the fifth factor. It asserts that "further amendment would be futile because Gamba cannot plausibly do so." (Dkt. No. 38 at 23, 24.) Accordingly, Samsung argues that "[w]here, as here, the complaint is riddled with numerous legal deficiencies and Gamba has failed to show how it would respond to those deficiencies, dismissal with prejudice is warranted." (Dkt. No. 52 at 10 (internal quotations removed).)

The Court finds that such conclusory arguments from Samsung about the merits of this case do not justify a dismissal with prejudice in this instance. The failure of the operative complaint in this case to state a plausible claim for relief, after only one amendment, does not strongly suggest

that there is no possibility Gamba can plausibly allege infringement if given a further chance to amend the FAC. Samsung does not assert it would be unduly prejudiced, or that there has been undue delay from Gamba thus far in the case. The Court does not find that one single amendment constitutes a "repeated failure" to cure deficiencies by previous amendments. While it is Samsung's position that it does not infringe the asserted patents, that alone is not enough to demonstrate that any further amendment to the FAC would be futile. Accordingly, Samsung's request for dismissal with prejudice is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, Samsung's Motion to Dismiss (Dkt. No. 38) is **GRANTED AS MODIFIED**. Gamba's FAC and accompanying charts (Dkt. No. 32) are **DISMISSED WITHOUT PREJUDICE**, and Gamba is **GRANTED LEAVE TO AMEND** its FAC to address the defects discussed above.[1] Gamba may file a Second Amended Complaint within fourteen (14) days of this Order.

**So ORDERED and SIGNED this 7th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

[1] This Order does not address, and should not be understood to address, the issues raised in Gamba's Renewed Opposed Motion for Leave to Amend its Infringement Contentions (Dkt. No. 87.) The Court will address the merits of the Motion for Leave by way of a separate order.