**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| GAMBA GROUP HOLDINGS LLC,<br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:25-CV-00438-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Gamba Group Holdings LLC's ("Plaintiff" or "Gamba") Renewed Opposed Motion for Leave to Amend its Infringement Contentions (the "Motion"). (Dkt. No. 87.) In the Motion, Plaintiff moves for leave to amend its infringement contentions for U.S. Patent No. 9,961,507 (the "'507 Patent"), U.S. Patent No. 9,772,193 (the "'193 Patent"), and U.S. Patent No. 9,674,684 (the "'684 Patent") (collectively, the "Asserted Patents.") (*Id.* at 1.) Specifically, Plaintiff seeks leave to add "the Galaxy Ring to the list of accused products for the '507 and '684 patents," "additional slides for applicable Asserted Claims' limitations . . . that provide greater detail as to how the Samsung system of the phones and servers collect and decode beacon signals for use in SmartThings Find," and "additional slides for applicable Asserted Claims' limitations to provide additional evidence that Helper Devices store and forward SmartThings-relevant information to Samsung's servers, in response to receiving that information in beacon signals." (*Id.* at 4–5.) Plaintiff also seeks leave for unopposed amendments to its infringement contentions. (*Id.* at 3.)

Having considered the Motion and all related briefing, the Court finds that it should be and hereby is **GRANTED IN PART**.

## I. BACKGROUND

Plaintiff filed the above-captioned action against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") on April 25, 2025, asserting infringement of the '507, '684, and '193 Patents. (Dkt. No. 1.) The Court granted leave for Plaintiff to amend its infringement contentions on October 21, 2025. (Dkt. No. 37.) Plaintiff then served Defendant with its amended infringement contentions on October 22, 2025. (Dkt. No. 87 at 2.)

On May 28, 2026, Plaintiff filed a Motion for Leave to Amend its Infringement Contentions (the "May 28 Motion.") (Dkt. No. 67.) The Court, on July 13, 2026, denied the May 28 Motion without prejudice "for confusion and lack of clarity" as to whether Plaintiff and Defendants (collectively, the "Parties") had complied with the meet and confer requirement under Local Rule CV-7(h). (Dkt. No. 83.) The Parties represent that they fulfilled the meet and confer requirement under the local rules in this Motion. (Dkt. No. 87.)

Prior to filing this Motion, Defendants filed a Motion to Dismiss Plaintiff's Complaint on October 30, 2025. (Dkt. No. 38.) The Court granted Defendants' Motion to Dismiss without prejudice, granting Plaintiff leave to amend its Complaint, on August 7, 2026. (Dkt. No. 92.) The Court noted that it would address this Motion separate from the Motion to Dismiss. (*See id.* at 10 n.1.) On August 24, 2026, Plaintiff filed its Second Amended Complaint, which included updated infringement charts for the Asserted Patents. (Dkt. Nos. 100 and 101.) Plaintiff's Second Amended Complaint does not moot the issues addressed in this Motion.

## II. LEGAL AUTHORITY

Any amendment or supplementation of infringement contentions that is not expressly permitted by P.R. 3-6(a) is permitted only by order of the Court upon a showing of good cause. See P.R. 3- 6(b). The Court considers four factors to determine whether good cause exists: "(1)

the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *KAIST IP US LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-01314-JRG-RSP, 2018 WL 1806765, at *2 (E.D. Tex. Apr. 17, 2018) (internal citations omitted).

Diligence is a prerequisite for showing that there is good cause to amend. *See, e.g., WellcomeMat LLC v. Aylo Holdings S.à r.l*, No. 2:23-cv-00483-JRG-RSP, 2024 WL 3586431, at *1 (E.D. Tex. July 29, 2024) ("'Good cause,' according to the Federal Circuit, 'requires a showing of diligence.'") (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

## III. ANALYSIS

Plaintiff seeks leave to make multiple amendments to its infringement contentions as set forth in Dkt. No. 87. Plaintiff represents that several of its proposed amendments were not opposed by Defendants during the Parties' meet and confer held on July 21, 2026. (Dkt. No. 87 at 3–4.) Defendants have not represented otherwise in their responsive briefing. (*See* Dkt. Nos. 91 and 97.) The following analysis addresses the opposed amendments.

### A. Inclusion of the Galaxy Ring as an Accused Product for the '507 and '684 Patents

Plaintiff seeks to add the Galaxy Ring as an accused product for the '507 and '684 Patents. (Dkt. No. 87 at 3.) First, Plaintiff argues that it has been diligent because its "Second Amended Infringement Contentions are based on Samsung's demand that Gamba amend its infringement contentions." (*Id.* at 5.) Plaintiff further argues that it "provided its amendments to Samsung as requested on April 28, 2026," which included the Galaxy Ring as an accused product. (*Id.*) Plaintiff's explanation for adding the Galaxy Ring is that "Samsung's publicly available materials on the Galaxy Ring do not refer to it as a device capable of being located using Samsung's

SmartThings Find application" and "Gamba only recently discovered that the Galaxy Ring could act as a locatable beacon like other accused Samsung products." (*Id.* at 6.) Defendants respond that "evidence that the Samsung Galaxy Ring is locatable, including using SmartThings Find, was publicly available since the product was introduced in July 2024, eight months before Gamba filed its complaint." (Dkt. No. 91 at 7.) Defendants also contend that Plaintiff "does not explain why Gamba ignored or failed to find Samsung's Ring-specific site that states the Ring is locatable." (*Id.*)

Second, Plaintiff argues that the addition of the Galaxy Ring is important because "Gamba should have the opportunity to pursue, especially at this early stage of the case, all possible accused products." (Dkt. No. 87 at 7.) Plaintiff further argues that "[t]here are numerous new products that Samsung has released within the last year, and the Galaxy Ring was discovered after reasonable investigative efforts." (*Id.*) Defendants contend that Plaintiff "does not even attempt to explain why . . . its addition of a new product [is] important" and therefore "this factor weighs in favor of denial." (Dkt. No. 91 at 7.)

Plaintiff does not directly address the prejudice factor as to good cause, with respect to adding the Galaxy Ring as an accused product. (*See* Dkt. No. 87.) Plaintiff, however, contends that its amended infringement contentions "do not fundamentally change Gamba's infringement theories." (*Id.* at 9.) Defendants respond that "Gamba's amended contentions provide no explanation of infringement theories specific to the Ring, which prejudices Samsung." (Dkt. No. 91 at 15.)

Lastly, Plaintiff argues that "there is no need for a continuance" because "discovery does not close until October 6, 2026." (Dkt. No. 87 at 14.) Defendants respond that "[w]hile additional time

could potentially cure the prejudice caused by Gamba's introduction of new infringement theories, Gamba does not make this argument." (Dkt. No. 91 at 15.)

The Court finds that Plaintiff's argument that it "only recently discovered that the Galaxy Ring could act as a locatable beacon like other accused Samsung products," demonstrates some level of diligence. The Court notes, however, that Plaintiff could have been more diligent in researching the accused products prior to filing its complaint. The Court affords greater weight to the importance of including accused products to Plaintiff's claims. Furthermore, the Court finds there is little prejudice to Defendants in adding the Galaxy Ring as an accused product for the '507 and '684 Patents. Plaintiff's amended infringement contentions represent that "Defendants' Galaxy SmartTag product class is representative of Defendant's infringement of the Asserted Claims as a representative 'device' of the class of findable 'Samsung Galaxy devices' using SmartThings Find" and include the Galaxy Ring in the represented class. (Dkt. Nos. 87-7 and 87-9.) Adding the Galaxy Ring, therefore, would not introduce new claim construction issues, and the Parties have over a month of fact discovery remaining.

### B. Amendments to the Infringement Contentions for the "Encoding/Decoding" Limitations and the "Initiates/Activates" Limitations of the '507 and '684 Patents

Plaintiff seeks to amend its infringement contentions for the "encoding/decoding" limitations and the "initiates/activates" limitations of the '507 and '684 Patents. (Dkt. No. 87 at 4.) More specifically, Plaintiff seeks to add new slides to its infringement contentions. (*See* Dkt. Nos. 87-7 at 20, 22, 25; 87-9 at 18, 20.) First, Plaintiff argues that its amendments are timely because they were provided in response to Defendants request for supplementation. (Dkt. No. 87 at 6.) Defendants respond that this argument fails because "Samsung did not request new or inconsistent theories;" rather, "Samsung sought clarification of the original theories in Gamba's infringement contentions." (Dkt. No. 91 at 5.)

Second, Plaintiff's argument as to why these amendments are important is not entirely clear. Plaintiff states that "at a minimum, [the additional detail] provides for more focused discovery and notice going into claim construction." (Dkt. No. 87 at 7.) Defendants counter that "Gamba does not even attempt to explain why its new alternative infringement theories . . . are important." (Dkt. No. 91 at 7.)

Third, Plaintiff contends there is no prejudice to Defendants because "Samsung requested that Gamba amend its infringement contentions." (Dkt. No. 87 at 8.) Plaintiff further argues that "Gamba is not shifting its infringement theories, and it is, therefore, not prejudicing Samsung with these amendments." (*Id.* at 9.) Defendants take issue with the amendments' "lack of clarity" that "arises from confusing and contradictory allegations." (Dkt. No. 91 at 8.) While Plaintiff's original contentions "plainly identified a 'Samsung server,' and only that server, as allegedly performing the claimed decoding," Defendants argue that "Gamba's proposed amended contentions now identify two different devices—the Samsung server . . . and a 'Helper Device" . . . as allegedly performing this claim step." (*Id.* at 9.) Defendants further argue there is prejudice because "[w]hile Gamba now apparently is using multiple constructions for 'encoding' to pursue its different theories, it did not request construction of that term." (*Id.* at 10.) Defendants further contend that the amendments to the "activating" and "initiating" limitations are similarly prejudicial because they give rise to a "confusing theory which apparently raises new claim construction issues." (*Id.* at 15.)

Fourth, Plaintiff does not seek a continuance. (Dkt. No. 87 at 14.) Defendants respond that "[w]hile additional time could potentially cure the prejudice caused by Gamba's introduction of new infringement theories, Gamba does not make this argument." (Dkt. No. 91 at 15.)

The Court finds that Plaintiff has not sufficiently shown that it was diligent in making these proposed amendments. Plaintiff argues it was diligent because it acted in response to Defendant's request for amended infringement contentions. (Dkt. No. 87 at 6.) Plaintiff's original infringement contentions indeed had many defects that made them difficult to decipher, as the Court noted when it granted Defendants' Motion to Dismiss. (*See* Dkt. No. 92.) Defendants dispute that Plaintiff's amendments are responsive to Defendants' request. (Dkt. No. 91 at 8.) Plaintiff has not satisfactorily explained how nonresponsive amendments are timely or indicative of diligence. Plaintiff also fails to address why any new theories were not presented in its original contentions.

The Court further finds that Plaintiff has not sufficiently shown the importance of these amendments. Plaintiff's only explanation as to the importance of these amendments is that they are responsive to Defendants' request, which Defendants dispute. To the extent Plaintiff's proposed amendments introduce alternative theories, these cut against the importance of the amendments.

The Court finds that Defendants will be prejudiced if Plaintiff's amendments are allowed. Given that Plaintiff's proposed amendments may implicate claim construction on the eve of the Parties' claim construction hearing, the Court finds that it would be highly prejudicial to Defendants to allow Plaintiff's proposed amendments. Given the Parties' upcoming claim construction hearing, the Court finds a continuance would be necessary to cure the prejudice, but Plaintiff does not seek a continuance. (Dkt. No. 87 at 14.)

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Leave to Amend its Infringement Contentions (Dkt. No. 87) is **GRANTED IN PART**. Plaintiff's amendments that were unopposed by Defendants at the July 21, 2026 meet and confer are **GRANTED** as unopposed. The Court

**GRANTS LEAVE** for Plaintiff to include the Samsung Galaxy Ring as an accused product for the ’507 and ’684 Patents. Plaintiff’s request to amend its infringement contentions as to the “encoding/decoding” and “initiates/activates” limitations of the ’507 and ’684 Patents is **DENIED**.

**So ORDERED and SIGNED this 27th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE